Ronald Ryan
Attorney for Debtors
1413 E Hedrick Drive
Tucson, Arizona 85719
(520)298-3333 phone (520)743-1020 fax
ronryanlaw@cox.net
AZ Bar #018140  Pima Cty #65325

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA, TUCSON DIVISION**

| | |
|---|---|
| In re:<br><br>CONNELLY, DAVID AND CONNELLY, ELIZABETH Objector/Debtor<br><br>vs.<br><br>FORD MOTOR CREDIT COMPANY, LLC, Claimant<br><br>PERTAINING TO CLAIM # 13 Filed 05/16/11 IN THE COURT'S CLAIM'S REGISTRY | Case No.  09-33553-TUC-EWH<br><br>**OBJECTION TO PROOF OF CLAIM AUTOMOBILE -** 2008 FORD EXPEDITION<br><br>Chapter 13 |

COMES NOW,  DAVID CONNELLY ELIZABETH CONNELLY Objector and Debtor, and files this Objection to Proof of Claim, pursuant to 11 USC § 502(b)(1), Bankruptcy Rule 3007(a), Local Bankruptcy Rule 3007-1 and 2084-9(b), filed 05/16/11, at Claim # 13 in the Court's Claims Registry, by FORD MOTOR CREDIT COMPANY, LLC, Claimant, and presents unto the Court as follows:

**PLEASE BE ADVISED THAT, PURSUANT TO LOCAL BKY RULE 3007-1, YOU HAVE FOURTEEN (14) DAYS FROM THE DATE HEREOF TO OBJECT AND/OR TO REQUEST A HEARING ON THIS MOTION.  IF YOU DO NOT DO SO, THIS MOTION MAY BE DEEMED UNOPPOSED AND AN ORDER MAY BE ENTERED GRANTING THE RELIEF REQUESTED.  ANY SUCH OBJECTION OR REQUEST FOR HEARING SHOULD BE SERVED UPON THE UNDERSIGNED COUNSEL.**

1. This chapter 13 case was commenced by the filing of a petition on

12/29/2009.

2. FORD MOTOR CREDIT COMPANY, LLC, Claimant is a corporation doing business in Arizona, whose Statutory Agent is CT CORPORATION SYSTEM 2394 E CAMELBACK RD PHOENIX, AZ 85016, according to official records filed with the Arizona Secretary of State.

3. On May 16, 2011, Claimant filed its Proof of Claim, listed in the Court's Claims Registry as Claim # Claim 13, secured by a lien in Debtor's 2008 FORD EXPEDITION, in the secured amount of $25,517.84. The deadline for filing a Proof of Claim was May 4, 2010. Claimant never objected to Debtor's Plan nor its treatment in the Plan. The Claim is attached.

PLAN TERMS

4. On 1/18/2010, Debtors filed their original plan, which provided that said creditor would be paid $18,500.00 with interest at 4.0 % through the Chapter 13 Plan. Debtor hereby references said Plan and the other documents cited herein that are filed with the Court both in the main Court's Docket and in the Court's Claim's Registry, as if as if the contents were included herein. The deadline to object to the Plan was February 17, 2010.

MEMORANDUM FAILURE TO OBJECT

Claimant did not timely, or otherwise, object to the Plan. The failure to timely object to the original plan, constituted deemed "acceptance," as that term is used in 11 USC § 1325(a)(5)(A), "The holder of said claim has accepted the plan." Both Local Bankruptcy Rule 2084-9(b) and the Notice of Date to File Objection to Chapter 13 Plan served by the Clerk of the Court along with Debtor's Plan, provide:

> The failure of a party in interest timely to file an objection to confirmation of a plan or the granting of a motion for a moratorium **shall constitute acceptance of the plan**...

The above rule along with the deadline to object are boldly printed on the first page of the Official Form, "Notice of Date to File Objection to Chapter 13 Plan," that is served as evidenced by sworn and signed declaration, upon all creditors contained in the included service list, by the Clerk of the Bankruptcy Court, along with the Chapter 13 Plan. See Notice of Date to File Objection to Chapter 13 Plan at Doc 18 Filed 01/19/10 Entered 01/22/10.. Claimant did not timely, or otherwise, object to Debtor's Plan.

MEMORANDUM LATE FILED CLAIM

A Court is without authority to allow a late filed proof of claim unless it falls within one of the five exceptions specifically enumerated by Rule 3002( c). In re Gardenhire, 209 F.3d 1145 (9th Cir.2000). Matter of Greenig, 152 F.3d 631 (7th Cir.1998); In re Aboody, 22,3 B.R. 36 (1st Cir. BAP 1998); In re Kelley, 259 B.R. 580, 583-4 (Bankr. E.D. Tex., 2001); In re Nwonwu, 362 B.R. 705 (Bankr. E.D.Va., 2007); In re McQueen, 22,8 B.R. 408 (Bankr. M.D.Tenn.1998). This Rule coupled with FRCP 9006(b)(3) proscribes the Court's usual discretion to enlarge a time period established under the Bankruptcy Rules for taking a particular action upon a showing of "excusable neglect," and so there is no discretion or other excuse permitted. See, e.g., Pioneer Investment Services Co. v. Brunswick Associates, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); In re Gardenhire; In re 50-Off Stores, Inc., 220 B.R. 897, 901 (Bankr.W.D.Tex.1998); In re Kelley, supra at fn 6; 9 Collier on Bankruptcy, ¶ 3002.03[1]; (15th ed. rev.2006) (footnotes omitted); In re Nwonwu, 362 B.R. 705, 707-8 (Bankr. E.D.Va., 2007); In re Johnson, 84 B.R. 492, 494 (Bankr.N.D.Ohio 1988); Matter of Greenig, 152 F.3d 631, 634-35 (7th Cir.1998). This is so even if there was an

absence of proper notice of the bar date for filing proofs of claim; In re Duarte, 146 B.R. 958 (Bankr.W.D.Tex.1992); In re Kelley, supra; In re Nwonwu, supra; In re Franklin, Case 09-11784 (Bky MD La March 4, 2011). The time limits for filing a claim are as strict as a statute of limitations. In re Johnson, 84 B.R. 492 (Bankr.N.D.Ohio 1988); Zimmerman, 156 B.R. at 199.

There is no distinction between secured and unsecured claims as to the above rules. Above cited cases; Hamlett v. Amsouth Bank (In re Hamlett), 322 F.3d 342 (4th Cir. 2003); In re Nwonwu, supra; In re Kelley, supra; In re Dennis, 230 B.R. 244, 246 (Bankr. D.N.J.1999); In re Schaffer, supra at 399.

> Therefore, the only legitimate outcome is that for both secured and unsecured claims to be allowed, they must be filed under Section 501. To reach any other result would be absurd. In re Canganelli, 13,2 B.R. 369 (Bankr. N.D.Ind.1991) (citing Hawaii v. Mankichi, 190 U.S. 197, 213, 23 S.Ct. 787, 789, 47 L.Ed. 1016 (1903) for the proposition that "since all statutory interpretation cases are seeking to find a way to interpret a statute sensibly, and all laws should receive a sensible construction, general terms should be limited in their application so as to not lead to injustice, oppression or an absurd result.").

In re Schaffer, 173 B.R. 393, 395 (Bankr. N.D. Ill., 1994). Secured creditors that did not file a timely claim must accept the treatment that they receive under the plan, even if the treatment they receive is that they receive no distribution. In re Dennis, supra; In re Kelley, supra at 584-5, fn 9; In re Nwonwu, supra at 710; In re Alderman, 150 B.R. 246 (Bankr.D.Mont.1993); see also In re Wells, 125 B.R. 297 (Bankr.D.Colo.1991); In re Thomas, 91 B.R. 117 n. 9 (Bankr.N.D.Ala.1988) aff'd 883 F.2d 991 (11th Cir.1989); In re Van Hierden, 87 B.R. 563 (Bankr.E.D.Wis.1988); In re Rogers, 57 B.R. 170 (Bankr. E.D.Tenn.1986); In re Linkous, 14,1 B.R. 890 (Bankr. W.D.Va.1992) aff'd 990 F.2d 160

(4th Cir. 1993); In re King, 165 B.R. 296 (Bankr.M.D.Fla.1994); In re Schaffer, supra at 396.

> The Debtors' confirmed plan contemplates payment of Bank One's claim. However, to the extent the claim exceeds the value of the collateral, it is to be treated as unsecured and is to be paid at 50% along with the other unsecured claims. This much is certain, and must be kept in mind throughout this Opinion: To the extent Bank One has an unsecured claim, the late filing is fatal. On April 22, 1994, this Court entered an order disallowing Bank One's claim in its entirety due to the late filing.

In re Schaffer, 173 B.R. 393 (Bankr. N.D. Ill., 1994).

> In re Lindgren, Case No. 90-B-04639 CEM. The motion of GMAC to have the plan act as an informal proof of claim is denied, the motion of GMAC to file an amended claim which increases the amount of the secured claim of GMAC beyond that specified in the plan is denied, and the secured claim of GMAC shall be paid in the manner and amount specified in the plan.

In re Babbin, 164 B.R. 157, 164 (Bankr.Colo., 1994).

5. Debtor requests that this Court sustain Debtors' Objection to Claimant's Claim to the extent the same is contrary to Debtor's Plan. Accordingly, Debtor requests that the Court find that the amount to be paid Claimant as its secured claim shall be $18,500.00 with 4.0 % interest inside Debtor's Plan, with the remainder of its claim being unsecured. The Prime Rate is 3.25%.

6. Even if the Claim had been filed timely and an objection had been filed, and even if the 910 rule applied, or commonly known as the hanging paragraph, exceptions include a vehicle not purchased primary for personal use, but when purchased with the intent to use in business. Another exception is negative equity.

7. The Kelley Blue Book is no longer a credible source for finding true fair market values for vehicles. There is at present almost no market for used cars, but the values in the book remain high. Secondly, even Kelley says the listed prices are dealer

asking prices, not actual retail sales prices. Also, the Objection states a value higher even than the unreliable Kelley Blue Book for the Dakota attached to the Objection to Plan. The Kelley says in the book, these are "suggested retail values." The book states:

> SUGGESTED RETAIL VALUES represent Kelley Blue Book's estimated *dealer asking price. The actual selling price may vary substantially*.

(Italics added.)

8.  The Edmunds.com and Edmunds publications provide values based on research of actual retail sales.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that this Court sustain Debtor's Objection and that he/she have such other and further relief as is appropriate.

> Respectfully submitted,
> /S/ Ronald Ryan
> Ronald Ryan, Attorney for Debtor

### CERTIFICATE OF SERVICE

I certify that a true copy of the forgoing was emailed to Chapter 13 Trustee, Dianne C. Kerns, and Debtor, on November 15, 2011, and mailed to the following:

> /s/ Ronald Ryan
> Ronald Ryan

| | |
|---|---|
| CT CORPORATION SYSTEM<br>2394 E CAMELBACK RD<br>PHOENIX, AZ 85016<br>FOR FORD MOTOR CREDIT COMPANY LLC | |

> /s/ Ronald Ryan
> Ronald Ryan

# UNITED STATES BANKRUPTCY COURT - TUCSON District of ARIZONA

**PROOF OF CLAIM**

Name of Debtor: David A Connelly  
Case Number: 09-33553 Ch13

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):  
Ford Motor Credit Company, LLC

Name and address where **notices** should be sent:  
**Ford Motor Credit Company, LLC**  
**P.O. Box 6275**  
**Dearborn, MI 48121**

Telephone Number: 1-800-955-8532

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim #:  
*(If known)*

Filed on:

Name and address where **payment** should be sent (if different from above):  
**Ford Motor Credit Company, LLC**  
**Dept 55953**  
**P.O. Box 55000**  
**Detroit, MI 48255-0953**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $25,517.84

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Car Loan

**3. Last four digits of any number by which creditor identifies debtor:** 0641

3a. Debtor may have scheduled account as: _____

**4. Secured Claim**

Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Property   ☑ Motor Vehicle   ☐ Other _____  
Describe: VIN #: 1FMFU15568LA04293

Value of Property: $25,517.84       Annual Interest Rate: 4.00%.

Amount of arrearage and other charges as of time case filed included in secured claim, if any: , Basis for perfection: *see attached

Amount of Secured Claim: $25,517.84       Amount Unsecured: $.00

**Creditor Remarks: 910 CLAIM - NO CRAMDOWN PER STATUTE**

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filings of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(__).

**Amount entitled to priority:**  
$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: May 16, 2011

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any:

/s/ < S. Aruna >

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

| STOCK NO. | P3010 | MOTOR VEHICLE RETAIL INSTALLMENT SALES CONTRACT AND PURCHASE MONEY SECURITY AGREEMENT |
|---|---|---|

Buyer(s)/Debtor(s): DAVID ALLAN CONNELLY
Address: 11085 W DENIER DR
MARANA AZ 85653

Seller/Creditor: ORACLE FORD MERCURY INC
Address: 3950 W. HWY 77
ORACLE AZ 85623

This is an agreement for the installment purchase by you of the Vehicle described below. As used in this Contract, the words "you" and "your" mean the Buyer or Buyers who sign below. The words "we", "us", "our" and "Seller" refer to the Seller whose name and address appear above or to anyone to whom this Contract is assigned (referred to as the "Assignee"). If the Assignee notifies you that it has purchased this Contract, you agree to make all of your payments to the Assignee. This Sale is subject to approval of your credit by us and acceptance of this Contract by an Assignee. BY SIGNING BELOW, YOU ALSO AGREE TO ALL OF THE TERMS ON BOTH SIDES OF THIS CONTRACT. PLEASE READ THE BACK CAREFULLY.

The Vehicle which you are purchasing is a:

| NEW OR USED | YEAR MODEL | MAKE TRADE NAME | NO. CYL. | BODY TYPE | MODEL # OR SERIES | VEHICLE I.D.# |
|---|---|---|---|---|---|---|
| USED | 2008 | EXPEDITIO FORD TRUCK | 8 | 4 DOOR UTILITY | | 1FMFU15566LA04293 |

You intend to use the Vehicle primarily for: ☐ personal, family, or household purposes ("personal use") ☐ commercial, business, agricultural, or other non-personal uses ("commercial use").

| ANNUAL PERCENTAGE RATE | THE COST OF YOUR CREDIT AS A YEARLY RATE. 11.59 % | Your payment schedule will be: | | |
|---|---|---|---|---|
| | | Number of Payments | Amount of Payments | When Payments are Due: |
| | | N/A | N/A | N/A |
| | | 72 | 580.23 | Monthly, Beginning 07/31/2008 |
| | | N/A | N/A | N/A |
| FINANCE CHARGE | THE DOLLAR AMOUNT THE CREDIT WILL COST YOU. $ 11905.09 e | Insurance: CREDIT LIFE INSURANCE AND CREDIT DISABILITY INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT, AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE ADDITIONAL COST. | | |
| Amount Financed | The amount of credit provided to you or on your behalf. $ 29871.47 | Type / Credit Life Insurance / Disability Insurance / Credit Life and Disability / Joint Credit Life Insurance / Joint Credit Life and Single Disability Insurance | Term N/A mos. / N/A mos. / N/A mos. / N/A mos. / N/A mos. | Premium $ N/A / $ N/A / $ N/A / $ N/A / $ N/A |
| Total of Payments | The amount you will have paid after you have made all payments as scheduled. $ 41776.56 | | | |
| Total Sale Price | The total cost of your purchase on credit including your down payment of $ 0.00 $ 41776.56 e | Security: You are giving a security interest in the Vehicle being purchased. Late Charge: If the Vehicle is purchased for personal use, and a payment is not paid in full within 10 days after it is due, you will pay a late charge of the lesser of $10.00 or 5% of the unpaid balance of the installment. Prepayment: If you pay off early, you will not have to pay a penalty. See the other portions of this Contract for additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. | | |

e means an estimate

ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (incl. accessories) $ 25958.00 + Sales Tax $ 1871.87 +
   Net Trade-In Deficiency (item 5 if negative) $ 721.45 to _____ = Total Cash Price . . . . . . . $ 27791.32 (1)
2. Other charges included in this sale:
   ** (a) Vehicle Service Contract (Term) 72M0S/75000MI FORD $ 1390.00
   (b) Dealer Documentary Fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 249.50
   ** (c) Other (describe) N/A to N/A $ N/A
   ** (d) Other (describe) N/A to N/A $ N/A
   ** (e) Other (describe) N/A to N/A $ N/A
   ** (f) Other (describe) N/A to N/A $ N/A
   Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1639.50 (2)
3. Payments made on your behalf to Public Officials for Official Fees . . . . . . . . . . . . . . . . . . . . . . $ 440.65 (3)
4. Cash Sale Price (sum of items 1, 2 and 3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 29871.47 (4)
5. Trade-in 2000 BMW 528 $ 10000.00 -$ 10721.45 =$ -721.45 (5)
   Yr. Make & Model    Gross Allowance    Payoff    Net Trade-In (Deficiency)
6. Total Down Payment includes:
   (a) Net Trade-In (item 5) (if negative, insert $0) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 0.00
   (b) Cash Down Payment (Includes manufacturer's rebate of $ N/A assigned to Seller) $ N/A
   Total Down Payment (a + b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00 (6)
7. Unpaid balance of Cash Sale Price (item 4 less item 6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 29871.47 (7)
8. Payments made to others on your behalf:
   ** (a) Amounts paid to Insurance Companies for Insurance Premiums:
   (1) Credit Insurance Premiums $ N/A + (2) Property Insurance Premiums $ N/A
   Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ N/A (8a)
   (b) Amounts paid to others:
   **(1) To: N/A for: N/A $ N/A (8b)
   **(2) To: N/A for: N/A $ N/A (8c)
   **(3) To: N/A for: N/A $ N/A (8d)
   Total Amount Paid to Others (Sum of items 8(a) through 8(d)) . . . . . . . . . . . . . . . . . . . . . $ N/A (8)
   **Seller may be retaining a portion of this amount.
9. Amount Financed - Amount of credit you will get (item 7 plus item 8) . . . . . . . . . . . . . . . . . . . $ 29871.47 (9)
10. If the "Amount Financed" exceeds $25,000 or if the Vehicle is purchased primarily for commercial use, the "Amount Financed" is also the "Final Cash Price Balance" and the "Total of Payments" is also the "Time Balance."
11. Property Insurance: You promise to keep the Vehicle insured for its full value against loss or damage with loss payable endorsement in our favor during the time any amount is unpaid under this Contract. YOU MAY OBTAIN YOUR REQUIRED INSURANCE FROM ANY COMPANY ACCEPTABLE TO US. If you purchase your insurance through Seller, the costs and items of coverage are as follows:
   Collision (actual cash value of loss less $ N/A deductible) and Comprehensive    TERM    PREMIUM
   including fire and theft (cash value of loss less $ N/A deductible)    N/A months    $ N/A
   Other (describe) N/A    N/A months    $ N/A

If you buy insurance through your own agent, the cost is not included in this Contract. Please give us the name and telephone number of the agent you choose:
Agent's Name _____ Telephone Number _____
Agent's Address _____ City _____ State _____

Promise to Pay: By signing below, you promise to pay us the Amount Financed, together with finance charges calculated thereon at the Annual Percentage Rate. You agree to make your payments to us set forth in the Payment Schedule shown above. Your final payment may change, depending upon your payment habits. We will apply each payment first to accrued finance charges and late charges and then to reduce your unpaid balance. This means your finance charge will be less when you pay early and more if you pay late. Any necessary adjustments in your total finance charge will be reflected in your final payment. If a payment is not paid in full within 10 days after it is due, you will also pay a late charge. If the Vehicle is purchased for commercial use, the late charge will be 5% of the unpaid balance of the installment; if the Vehicle is purchased for personal use, the late charge will be the lesser of $10.00 or 5% of the unpaid balance of the installment.

Security Interest: To protect us if you do not pay as promised, or if you break some other promise of this Contract, you give us a purchase money security interest in the Vehicle, all accessions thereto, and in any proceeds of the Vehicle. If the Vehicle is purchased for commercial use, this security interest also covers all equipment, accessories, and parts (other than accessions) added to the Vehicle. If the Vehicle is purchased for personal use, this security interest also covers equipment, accessories, and parts (other than accessions) added to the Vehicle within 10 days of the date of this Contract. You also give us a security interest in the proceeds of any physical damage insurance policy on the Vehicle; all insurance, maintenance, service, or other contracts we finance for you; and all proceeds from insurance, maintenance, service, or other contracts we finance for you, including any refunds of premiums or charges from the contracts. This security interest does not cover any other debts you owe us, and this debt is not covered by any other security interest held by us. NOTICE: BY GIVING US A SECURITY INTEREST IN THE VEHICLE DESCRIBED ABOVE, YOU WAIVE ALL RIGHTS PROVIDED BY LAW TO CLAIM THE VEHICLE EXEMPT FROM LEGAL PROCESS.

LIMITATIONS/EXCLUSIONS OF PRODUCT WARRANTIES
(a) For "new" vehicles: (1) If the Vehicle is purchased for personal use, Seller makes no implied warranty of merchantability or of fitness for any particular purpose unless Seller also gives you a written warranty, on its own behalf, with respect to the Vehicle, or, at the time of the sale or within 90 days thereafter, Seller enters into a service contract, on its own behalf, with you which applies to the Vehicle. In that event, any implied warranties arising from the sale of the Vehicle shall be limited to the duration of Seller's written warranty or service contract; (2) If the Vehicle is purchased for commercial use, Seller makes no implied warranty of merchantability or of fitness for any particular purpose. The Vehicle is sold to you AS IS, except for any express warranties made by Seller, on its own behalf, or by the manufacturer of the Vehicle or of any component parts; (3) In all cases, Seller shall not be liable for any consequential damages arising from any breach of any warranty, express or implied.
(b) For "used" vehicles:
(1) Used Car Implied Warranty of Merchantability:

The Seller hereby warrants that the vehicle will be fit for the ordinary purposes for which the vehicle is used for 15 days or 500 miles after delivery, whichever is earlier, except with regard to particular defects disclosed on the first page of this agreement. You (the Purchaser) will have to pay up to $25.00 for each of the first two repairs if the warranty is violated.

(2) Waiver of Used Car Implied Warranty of Merchantability:
ATTENTION PURCHASER: Sign here only if the dealer told you that this vehicle has the following problem(s) and that you agree to buy the vehicle on those terms:
ATENCION COMPRADOR: Firme aqui solamente si el vendedor le dijo que el vehículo tiene el siguiente problema(s) y que usted conviene de compra el vehículo bajo estos términos:
1. N/A _____ Buyer/Comprador _____ Date 06/16/2008
2. N/A _____ Buyer/Comprador _____ Date 06/16/2008
3. N/A

(3) The vehicle is sold "AS IS -- NOT EXPRESSLY WARRANTED OR GUARANTEED" unless Seller gives you a separate written instrument showing the terms of any warranty or service contract given by Seller on its own behalf. If the Vehicle is purchased for personal use, Seller makes no implied warranty of fitness for any particular purpose, and the implied warranty of merchantability is limited to 15 days or 500 miles after delivery, whichever is earlier, as set forth above, unless Seller also gives you a written warranty, on its own behalf, with respect to the Vehicle, or, at the time of the sale or within 90 days thereafter, Seller enters into a service contract, on its own behalf, with you which applies to the Vehicle. In that event, any implied warranties arising from the sale of the Vehicle shall be limited to the duration of Seller's written warranty or service contract. If the Vehicle is purchased for commercial use, Seller makes no implied warranty of fitness for any particular purpose, and the implied warranty of merchantability is limited to 15 days or 500 miles after delivery, whichever is earlier. In all cases, Seller shall not be liable for any consequential damages arising from any breach of any warranty, express or implied, except for a breach of the implied warranty of merchantability.

NOTICE TO BUYER: 1. Do not sign this Contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the Contract you sign.

Annual Percentage Rate (APR) for the installment sale of an automobile may be negotiated with the dealership; and the dealership may receive some portion of the finance charge or receive other compensation for providing the financing.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT, UNLESS DESCRIBED IN ITEM 11 AND AN APPROPRIATE PREMIUM CHARGE IS SHOWN IN ITEM 8(A) ABOVE.

SELLER IS REGULATED AND COMPLAINTS CONCERNING THIS CONTRACT MAY BE ADDRESSED TO:
ARIZONA DEPARTMENT OF FINANCIAL INSTITUTIONS
2910 N. 44th STREET, SUITE 310
PHOENIX, ARIZONA 85018
TELEPHONE (602) 255-4421

Buyer(s) Acknowledge(s) receipt of a fully completed copy of this Contract.
*BUYER David A Connelly
*BUYER _____

Dated this 16th day of JUNE, 20 08 By ORACLE FORD MERCURY INC Its BUS MGR

*OTHER OWNERS: If a person shown on the certificate of title as an owner of the vehicle does not want to be separately liable to pay this debt, please sign below to give us a security interest in the Vehicle, its proceeds, and physical damage insurance policy and any refunds of insurance premiums.

SIGNATURE _____ DATE _____ SIGNATURE _____ DATE _____

THE TRANSACTION WHICH IS THE SUBJECT OF THIS CONTRACT ☐ IS OR ☐ IS NOT SUBJECT TO A FEE RECEIVED BY A BROKER FROM THE SELLING MOTOR VEHICLE DEALER. IF APPLICABLE, THE NAME OF THE BROKER IS: _____

ASSIGNMENT
[assignment block partially illegible]
SELLER FORD MOTOR CREDIT ... For Dealer Proceeds Only Line 7 29871.47
Assignee: _____ Branch _____

ORIGINAL    Form No. 12 ©2005 Az Auto Dealers Assoc. (Rev. 9/05)    ALL RIGHTS RESERVED

# ARIZONA CERTIFICATE


Motor Vehicle Division
48-7200 R10/08 www.azdot.gov

| Vehicle Identification Number | Year | Make | Model | Body Style |
|---|---|---|---|---|
| 1FMFU15568LA04293 | 2008 | FORD | EXT | 4DSW |

| First Registered | List Price | Mobile Home Manufacturer | Unit Number |
|---|---|---|---|
| 07/2007 | 029175 | | |

FMCC
PO BOX 105704
ATLANTA GA 30348

| Title Number | Issue Date | Film Number | Odometer Miles (no tenths) |
|---|---|---|---|
| 036H008199009 | 07172008 | I199036H03 | 0013279 A |

| Previous Title Number | State | Issue Date | Previous Film Number | |
|---|---|---|---|---|
| M060008079018 | AZ | 03192008 | I079M06008 | A - Actual Mileage<br>B - Mileage in excess of the odometer mechanical limits<br>C - NOT Actual Mileage, WARNING ODOMETER DISCREPANCY |

**Arizona Brands**

| Previous Brand | State | Previous Brand | State | Previous Brand | State | Other States With Brands |
|---|---|---|---|---|---|---|
| | | | | | | |

Owners/Lessees
DAVID ALAN CONNELLY

Lienholders
FIRST LIEN-
FORD MOTOR CREDIT

PO BOX 105704                          ATLANTA          GA 303485704

LIEN DATE: 06162008

## LIEN RELEASE

| Lienholder Name | | Acknowledged before me this date. | Notary Public Signature | | |
|---|---|---|---|---|---|
| Lien Amount | Lienholder Signature | Date | County | State | Commission Expires |

**VOID WITHOUT EAGLE WATERMARK OR IF ALTERED OR ERASED**