Ronald Ryan
Attorney for Plaintiffs
1413 E Hedrick Dr
Tucson AZ 85719
phone: (520)298-3333 fax: (520)743-1020
ronryanlaw@cox.net
AZ Bar #018140 Pima Cty #65325

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA TUCSON DIVISION**

| | |
|---|---|
| DAVID CONNELLY,<br><br>DEBTOR AND PLAINTIFF<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF HARBORVIEW MORTGAGE LOAN TRUST 2005-3,<br><br>AND DOES 1-1000 DEFENDANTS | Case No: 09-33553-TUC-EWH<br><br>Adversary No: 11-ap-00088-EWH<br><br>**MOTION TO APPROVE EMPLOYMENT CONTRACT BETWEEN DEBTOR AND ATTORNEY FOR REPRESENTATION TO ATTEMPT TO ESTABLISH PRIMARY LIEN ON RESIDENCE INVALID AND RELATED ACTIONS AND APPLICATION FOR APPROVAL OF PAYMENT TO ATTORNEY OF INITIAL RETAINER**<br><br>CHAPTER 13 |

Ronald Ryan, Attorney for Debtor in the main bankruptcy case and in Adversary Proceeding, Case 4:12-ap-00100-EWH ("Attorney"), applies to the Court for approval of the Employment Contract Between Debtor and Attorney.

> PLEASE BE ADVISED THAT FIFTEEN (15) DAYS FROM THE DATE HEREOF, ATTORNEY DEBTOR WILL LODGE AN ORDER APPROVING THIS MOTION IF NO OBJECTION AND/OR TO REQUEST FOR HEARING IS FILED TO THIS MOTION. THIS MOTION MAY BE DEEMED UNOPPOSED AND AN ORDER MAY BE ENTERED GRANTING THE RELIEF REQUESTED. ANY SUCH OBJECTION OR REQUEST FOR HEARING SHOULD BE SERVED UPON THE UNDERSIGNED COUNSEL.

The Employment Contract is for Representation to Attempt to Establish Primary Lien on Residence Invalid and Related Actions and Application for Approval of Payment to

Attorney of Initial Retainer.[1]

1. On 12/29/2009, Debtors commenced a proceeding under Chapter 13 of the Bankruptcy Code. The Employment Contract involves work that is in addition to that work included in the fees approved for representing Debtors in the main bankruptcy case, as set forth in that "Order Approving Attorney Application for Attorney Fees," at doc 29, filed 05/10/10, and entered 05/10/10. Attorney services included in said Order included:

    A)    The service included in said Order was the Adversary to avoid the purported secondary lien claim on residence real estate, which has been filed as Adversary No: 4:10-ap-02292-EWH, that was successfully concluded in "Order Avoiding Secondary Lien" at doc 12, filed 03-30-11, and entered 04-01-11.

    B)    A limited amount of work defending against enforcement of the purported 1st lien on Debtor's residence, which has been in large part responsible for holding off the mortgage claimant and potentially saved the Debtor and the estate a large sum to date. Additionally, some of the work performed to date included in said Order included several requests for information from relevant parties, various investigations, any loan modification efforts to the extent the same was attempted.

The Agreements between Debtor and Attorney and said Order included provisions that there would or could be additional hourly charges for work to challenge the validity of any primary lien claim when such efforts exceeded the amount that fees in said Order could reasonably include.

2. The Debtor has entered into an Employment Contract with Attorney Ronald Ryan for services beyond those included in the above bankruptcy Order, to represent him in an offensive action to attempt to establish that Debtor does not now, and never did owe any money to defendant ("U.S. BANK N.A. AS TRUSTEE, FOR THE

---

[1] Said Contract is attached as Exhibit A.

BENEFIT OF HARBORVIEW MORTGAGE LOAN TRUST 2005-3"), nor any servicer or collection agent on behalf of defendant. The action also includes an attempt to establish that the mortgage note and primary lien are not now and never were owned by defendant, and that defendant does not now and never did own a mortgage security interest on Debtor's residence, as may have been originally established by the promissory note in the amount of $273,523.00, and deed of trust, both executed on or about March 29, 2005, in a mortgage loan transaction wherein ComUnity Lending, Inc. dba Paradigm Home Lending ("ComUnity" or "Lender"), acted in the role of "Lender" pursuant to the Deed of Trust recorded on March 31, 2005, with the Pima County Recorder at Docket 12521, Page 9100 ("DOT").

3. This representation includes an Adversary Proceeding Complaint in Adversary Case 4:12-ap-00100-EWH, that has been prepared and filed, including service of summons and complaint that has been successfully accomplished, and may include refiling of the case in an outside of bankruptcy civil suit, to establish the extent and validity of a lien, quiet title action, declaratory relief action, and alternative claim for credit for third party payments to which Debtor would be entitled to be credited under the express contractual provisions of the DOT, statutory law and common law, if defendant did in fact own Debtor's mortgage note and mortgage. The services to which the Employment Contract relate include other and additional substantial preliminary work beyond that described above, already performed to further investigate the merits of said case, the underlying facts, relevant documents, pertinent publications, and research of applicable law.

4. Other legal services, such as appeals and other lawsuits, with the

exception of the refiling of this case in another Court, must be the subject of separate agreements;

     5.     The Debtor is a real estate agent, who had on his own obtained independent knowledge of cases involving the challenge to securitized mortgages, prior to retaining Attorney. He has made careful and diligent inquiry and is satisfied that Attorney is qualified and competent to represent Debtor in this case.

     6.     Debtor proposes to compensate the attorney as provided in the agreement, subject to the approval of the Court.

     7.     Attorney has no connection with the Debtors creditors, or any other party in interest or their respective attorneys or accountants.

     8.     Attorney is cognizant of the need to balance the interests of Debtor and of the estate. In this regard, Attorney has made it possible for perhaps the bulk of his fees pursuant to the Contract, if any, to be paid over a period of months or years after the conclusion of this case. On the other hand, Debtor has the right to independently pursue litigation outside of bankruptcy even while a Debtor in a Chapter 13 case. This is true regardless of whether the litigation has any potential to benefit the estate. In this case it has benefitted the estate, and potentially may do so further. A Chapter 13 Debtor may use post-petition income to compensate professionals, such as accountants routinely in the ordinary course of business. Post-petition income may also be used by Chapter 13 Debtors to compensate attorneys for non-bankruptcy related legal services, and may also use post-petition income to directly pay attorneys for complex litigation performed in bankruptcy court. On the other hand, the estate has an interest in

disposable income.[2]

9. Debtor was offered the choice of two separate attorney fee structuring options:

    A) The first option was that Attorney would be paid at a straight hourly rate of $225 per hour, with a minimum retainer in the amount of $5,000.00, plus costs; or

    B) Or in lieu of the above hourly rate being strictly applied, Debtor was given the alternative of paying an up-front, minimum flat rate retainer of $5,000.00, plus 15% of the amount that the loan principal on the Residence is reduced by the conclusion of this case, **if at all**, whether by way of contested litigation or by way of settlement.

Debtor has opted for fee structure B.[3]

10. During this case, Debtor has deposited periodic payments over a long period of time into Attorney's Trust Account.

11. Debtor requests that the Court approve Attorney Ryan to pay himself the minimum retainer of $5,000.00 from his Trust Account.

12. Attorney has made it possible for perhaps the bulk of his fees pursuant to this Contract, if any additional are to be recompensed, to be paid over a period of months or years after the conclusion of this case. Accordingly, the Agreement provides, "To the extent said fee cannot reasonably be paid during the pendency of this Chapter 13 case, it may be paid after this case has ended."

WHEREFORE, the Debtor-Plaintiff and Attorney respectfully request that this

---

[2] The disposable income issue is less important when a Debtor has a 60 month plan, as in this case, because Debtor is not required to have a plan lasting more than 36 monhths.

[3] Payment of an up-front, minimum flat rate retainer of $5,000.00, plus 15% of the amount that the loan principal on the Residence is reduced by the conclusion of this case, **if at all**, whether by way of contested litigation or by way of settlement.

Honorable Court enter an order:

     A)    Approving the Employment Contract between Debtor and Attorney;

     B)    Approve Attorney Ryan to pay himself $5,000.00 from his Trust Account.

RESPECTFULLY SUBMITTED April 10, 2012.

                                  Respectfully submitted,
                                  /s/ Ronald Ryan
                                  Ronald Ryan, Plaintiff's Counsel

## CERTIFICATE OF SERVICE

Service was had by regular mail upon all those parties in interest in the attached mailing list.

and by email upon Chapter 13 Trustee; Debtor/Plaintiff, DAVID CONNELLY AND ELIZABETH; and those Attorneys below on April 10, 2012.

| KYLE S. HIRSCH<br>BRYAN CAVE LLP<br>TWO NORTH CENTRAL AVENUE,<br>SUITE 2200<br>PHOENIX, ARIZONA 85004-4406 | B-LINE, LLC<br>ATTN: STEVEN KANE<br>P.O. BOX 91121<br>DEPT. 550<br>SEATTLE, WA 98111-9221<br>Email: bline.chapter13@blinellc.com |
|---|---|
| PIMA COUNTY ATTORNEY'S OFFICE<br>32 N STONE STE 2100<br>TUCSON AZ 85701 | |

                                  /s/ Ronald Ryan

| | | |
|---|---|---|
| AMERICAN EXPRESS<br>C/O BECKET AND LEE<br>PO BOX 3001<br>MALVERN PA 19355 | AZ DEPT ECONOMIC SECURITY<br>CHILD SUPPORT ENFORCEMENT<br>1275 WEST WASHINGTON<br>PHOENIX, ARIZONA 85007 | AZ DEPT OF REVENUE<br>BANKRUPTCY UNIT FIELD 1011<br>1600 W MONROE 7TH FLOOR<br>PHOENIX AZ 85007 |
| BANK OF AMERICA FKA BAC<br>FKA COUNTRYWIDE HOME LENDING<br>ATTENTION: BANKRUPTCY  SV-314B<br>PO BOX 5170<br>SIMI VALLEY CA 93062 | CANDICA LLC<br>C/O WEINSTEIN & RILEY, P.S.<br>2001 WESTERN AVE., STE. 400<br>SEATTLE, WA 98121 | CAPITAL 1 BANK<br>ATTN: C/O TSYS DEBT MANAGEMENT<br>PO BOX 5155<br>NORCROSS GA 30091 |
| DISCOVER FIN SVCS LLC<br>PO BOX 15316<br>WILMINGTON DE 19850 | EAST BAY FUNDING, LLC<br>C/O RESURGENT CAPITAL SERVICES<br>PO BOX 288<br>GREENVILLE, SC 29603 | ECAST SETTLEMENT CORPORATION<br>POB 29262<br>NEW YORK NY 10087-9262 |
| FORD MOTOR CREDIT CORPORATION<br>NATIONAL BANKRUPTCY CENTER<br>PO BOX 537901<br>LIVONIA MI 48153 | U S INTERNAL REVENUE SERVICE<br>BANKRUPTCY UNIT<br>4041 N CENTRAL AVE<br>M/S MS 5014<br>PHOENIX AZ 85012-5000 | LVNV FUNDING LLC<br>PO BOX 740281<br>HOUSTON TX 77274 |
| PORTFOLIO RECOVERY<br>ASSOCIATES, LLC<br>PO BOX 41067<br>NORFOLK VA 23541 | PRA RECEIVABLES MGMT LLC<br>AS AGENT OF PORTFOLIO<br>RECOVERY ASSOCS.<br>PO BOX 12914<br>NORFOLK VA 23541 | |